UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

COLEMAN JOSEPH FENTON, JR.,)
                                 )

v.                            )     Criminal  No. 02-57-P-S
                                )
                                )     Civil No.   05-181-P-S
UNITED STATES OF AMERICA,  )
                                )
                                )

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Coleman Joseph Fenton is serving a hefty sentence for violations of federal drug, firearms, and explosive charges. Fenton prosecuted a direct appeal to the First Circuit presenting multiple grounds, some of those which are re-presented here.  The First Circuit affirmed in part, vacated in part, and remanded for re-sentencing.   Through counsel, Fenton has filed a 28 U.S.C. § 2255 motion raising six grounds, three of which charge counsel with ineffective assistance of counsel.  The United States has filed a motion seeking summary dismissal.  (Docket No. 9.)  I now recommend that the Court grant their motion and summarily dismiss Fenton's 28 U.S.C. § 2255 motion.

*Discussion*

***Fenton's Failure to Respond to the United States' Motion to Dismiss***

Fenton filed his 28 U.S.C. § 2255 motion on September 28, 2005.  I issued an order to answer giving the United States until December 28, 2005, to file an answer or otherwise respond to Fenton's motion.  The United States filed its motion to dismiss on December 27, 2005.  Fenton's response to that motion was due January 17, 2006.  On

January 16, 2006, counsel for Fenton filed a motion to extend time to respond to that

motion, indicating:

> Counsel for the Petitioner requests that this Court extend the time within which he must respond to Defendant 's Motion to Dismiss by ten days, to January 24, 2006.
> As reasons therefor, counsel states that he has been ill and unable to work from January7, 2006, to the present, which constitutes approximately half of the time within which he was required to answer. The government's motion was filed on or about December 27, 2005.

(Pet'r First Mot. Extend Time at 1, Docket No. 11.)   I granted that motion, allowing

Fenton the extra ten days.  (Docket No. 13.)  On January 22, 2006, counsel filed another

motion to extend time to file a response.  This motion explained:

> Counsel for the Petitioner requests that this Court extend the time within which he must respond to Defendant's Motion to Dismiss by seven days, to January 31, 2006.
> As reasons therefor, counsel states that this Court previously extended the time for responding by seven days due to counsel's illness. Counsel is seeking a second extension of seven days for the same reasons. Because of his illness during the period within which to answer the Government 's Motion, counsel was unable to respond within that period. Counsel is in solopractice, and as a result of his recent illness requires an additional seven days to effectively respond. This would mean that the time for responding to the Government's Motion to Dismiss will have been extended a total of fourteen days. The Government will not be prejudiced if this motion is granted.
> Furthermore, counsel states that he will not make any further requests for extensions to answer this Motion.

(Pet'r Second Mot. Extend Time at 1, Docket No. 15.)

January 31, 2006, has now come and gone and there has been no response to the

United States' motion to dismiss.

### *The Untimeliness of Fenton's Motion*

Fenton's motion was filed on September 26, 2005.  To be entitled to consideration of the merits of his habeas grounds, Fenton must comply with the statute of limitation for first-time § 2255 motions:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶6.

The United States explains its untimeliness argument as follows:

> Title 28, United States Code, Section 2255 sets a one-year deadline for filing collateral attacks that runs from one of four enumerated events. Only one of them even arguably has application to Fenton. It is "the date on which the judgment of conviction becomes final." 28 U.S.C. §2255(1). A § 2255 petition that is filed more than one year after final judgment is subject to summary dismissal. See Rogers [v. United States], 180 F.3d [349,] 354 [(1st Cir. 1999)]. Arguably, there are several different dates on which Fenton's case became final. Using any of them, however, Fenton's § 2255 petition was still filed after the one-year deadline expired.
> First, Fenton could argue that final judgment entered after the expiration of time to file a petition of certiorari from the May 4, 2004 judgment of the First Circuit. See Sup.Ct.R. 13; Clay v. United States, 537 U.S. 522, 524-525 (2003). However, the appellate court's order permitting appellate counsel to withdraw calculated this deadline as August 2, 2004. Not only did that order give notice to Fenton of the deadline, but it also informed him that any extension of it was discouraged but must be sought ten days before it expired. Using August 2, 2004 as the date judgment became final means that Fenton's §2255 petition would have been due on August 2, 2005. However, counsel did not file it until two and one-half

months later,[1] on September 26, 2005. Thus, using the date certiorari was due to be filed as the triggering event, the deadline for filing a § 2255 motion passed.

Arguably, because he never filed a certiorari petition, Fenton could claim that his time to file a § 2255 motion did not begin to run until 90 days after mandate issued from the First Circuit Court on May 25, 2004. See Sup.Ct.R. 13; Clay v. United States, 537 at 525. Even in that event, however, judgment became final on August 23, 2004, and Fenton's §2255 petition would have been due on August 23, 2005. Using that calculation, the petition is two months late.[2] Again it should be dismissed as time-barred. See Rogers, 180 F.3d at 354.

In the alternative, Fenton could argue the judgment became final at the expiration of his time to file a notice of appeal from the amended judgment entered by the trial court on remand from the appellate court. See 28 U.S.C. §2255(a)(1); Clay v. United States, 537 U.S. 522, 527-532 (2003). Although the amended judgment was entered on June 21, 2004, it was modified to correct a clerical error on June 25, 2004 (Docket Item #90). Fenton's time to appeal this judgment expired ten days later, on July 12, 2004. See Fed.R.App.P. 4(b)(1)(A); Fed.R.App.P. 26(a). Using that as the triggering date, his § 2255 petition would have been due on July 12, 2005. Thus, under this calculation, it was three months late and should be dismissed. See Rogers, 180 F.3d at 354.

(Mot. Dismiss § 2255 Mot. at 23-26.)

There is authority for taking the June 25, 2004, date as the operative date for purposes of calculating the 28 U.S.C. § 2255 ¶ 6(1) year, see United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005), but as the United States' argument proves out, whichever date one uses, Fenton's § 2255 motion is untimely.  In failing to respond to the United States' motion to dismiss Fenton has given the Court no basis to equitably toll, see Neverson v. Farquharson, 366 F.3d 32 (1st Cir. 2004), the statute of limitation.

Although the United States does not touch upon the concern, I note that one of the six grounds raised by Fenton is a claim under United States v. Booker, 543 U.S. 220 (2005).  Booker was decided on January 12, 2005.   As set forth above, Paragraph 3 of

---

[1]     It appears that the United States has padded the over-due period by a month.
[2]     Again, it appears that the United States has padded the over-due period by a month.

§ 2255 ¶6 provides that the year runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."   Fenton had one year from Booker's issuance to file a timely first-time § 2255 motion asserting a Booker claim.  See Dodd v. United States, __ U.S. __, __, 125 S. Ct. 2478, 2481 -83 (Jun. 20, 2005).   Assuming it would be appropriate for this Court to make the subsection (3) retroactivity determination, see id.; id. at 2485 -2486 n. 4 (Stevens, J. dissenting),[3] in the aftermath of Booker, the First Circuit "held that petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive." United States v. Fraser, 407 F.3d 9, 11 (1st Cir.2005) (citing Cirilo-Munoz v. United States, 404 F.3d 527 (1st Cir.2005)). See also id. ("'[W]e have said there is nothing fundamentally unfair in the use of judge-made findings of fact.' United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir.2005) ."). All the other circuits have concluded that retroactive Booker relief is not available.  See United States v. Gentry, 432 F.3d 600, 605-06 & n.4, 2005 WL 3317891, *6 & n.4 (5th Cir. 2005); United States v. Morris, 429 F.3d 65 (4th Cir. 2005); United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005);  Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005); Lloyd v. United States, 407 F.3d 608, 610 (3d Cir.2005);  United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir.2005); Guzman v. United States, 404 F.3d 139, 142 (2d Cir.2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir.2005)(per curiam); Humphress v. United States, 398 F.3d 855, 860 (6th Cir.2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.2005).

---

[3]    Whilst Justices Souter, Ginsburg, and Breyer joined Stevens in his dissent the trio did not join this footnote.

*Conclusion*

For the reasons above I recommend that the Court grant the motion to dismiss and summarily dismiss Fenton's 28 U.S.C. § 2255 motion.

<u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 2, 2006.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge